UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| MARK O.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br><br>　　　　Defendant. | **REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 11)**<br><br>Case No. 1:22-cv-00173<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

　　　　Plaintiff Mark O.[1] brought this action for judicial review of the Acting Commissioner of the Social Security Administration's ("Commissioner") decision denying his application for disability benefits.[2] The Commissioner filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing this action was untimely filed.[3] Because both parties submitted materials outside the pleadings in support of their briefing, the court converted the motion to a motion for summary judgment under Rule 56 and permitted the parties to present any additional materials pertinent to the motion.[4] Neither party filed additional materials.

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in certain cases, including social security cases, the court refers to Plaintiff by his first name and last initial only.

[2] (*See* Compl., Doc. No. 2.)

[3] (Def.'s Mot. to Dismiss Pursuant to Fed. R. [] Civ. P. 12(b)(6) ("Mot"), Doc. No. 11.)

[4] (Order Converting Mot. to Dismiss to a Mot. for Summ. J., Doc. No. 13); *see also* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

1

As explained below, where Mr. O. presented evidence that this action was timely filed based on the date his counsel received notice of the Commissioner's final decision, the undersigned[5] RECOMMENDS the district judge DENY the Commissioner's motion for summary judgment.

## LEGAL STANDARDS

Summary judgment may be granted only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] In evaluating a motion for summary judgment, the court views "the facts in the light most favorable to the nonmovant and draw[s] all reasonable inferences in the nonmovant's favor."[7] But "where the non moving party will bear the burden of proof at trial on a dispositive issue that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment."[8]

## ANALYSIS

Section 405(g) of the Social Security Act provides that an applicant seeking benefits may obtain judicial review of the Commissioner's final decision "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the

---

[5] This case is referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (*See* Doc. No. 7.)

[6] Fed. R. Civ. P. 56(a).

[7] *Jones v. Norton*, 809 F.3d 564, 573 (10th Cir. 2015).

[8] *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998) (internal quotation marks omitted).

Commissioner of Social Security may allow."[9] The sixty-day time limit in section 405(g) is a statute of limitations rather than a jurisdictional bar.[10]

Agency regulations provide that a civil action for judicial review "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council *is received by the individual*."[11]  "For purposes of this section, the date of receipt of notice . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."[12]

As set forth in the Commissioner's motion and supporting materials, the Appeals Council sent a notice dated October 18, 2022 to Mr. O.'s counsel, providing notice of its denial of Mr. O.'s request for review.[13]  Under the applicable regulations, Mr. O. was presumed to have received the notice five days later, on October 23, 2022.[14]  Mr. O. filed this action on December 27, 2022,[15] more than sixty days after the presumed date of receipt.  Therefore, the Commissioner contends this action was untimely filed.[16]

---

[9] 42 U.S.C. § 405(g).

[10] *Bowen v. City of New York*, 476 U.S. 467, 478 (1986).

[11] 20 C.F.R. § 422.210(c) (emphasis added).

[12] *Id.*; *see also* 20 C.F.R. § 404.901 (The "[d]ate [the applicant] receive[s] notice means 5 days after the date on the notice, unless [the applicant] show[s] . . . that [he] did not receive it within the 5-day period.").

[13] (*See* Decl. of Janay Podraza ("Podraza Decl.") ¶ 3(a), Doc. No. 11-1; Ex. 2 to Podraza Decl., Notice of Appeals Council Action, Doc. No. 11-1 at 22–26.)

[14] *See* 20 C.F.R. § 422.210(c); *id.* § 404.901.

[15] (*See* Compl., Doc. No. 2.)

[16] (Mot. 1–2, Doc. No. 11.)

In opposition, Mr. O. contends he did not receive the Appeals Council notice until October 25, 2022.[17] Mr. O. asserts in his brief that his counsel's law firm has a policy that "the moment any correspondence . . . is received [] it is stamped with the date received and filed in the electronic file of the particular client."[18] In support of his assertions, Mr. O. submitted what appears to be a copy of an envelope bearing the handwritten note "Received 10/25/2023 [sic]," with the Appeals Council notice attached.[19] (The stated year 2023 appears to be an error; given the date of the enclosed notice and the timing of the filing of this case, it is apparent the year of receipt was 2022.) Mr. O. also submitted what appears to be a screenshot of a computer file directory, showing a document named "Mark [O.] _ decision from appeal court" with a "date modified" of October 25, 2022.[20] Mr. O. contends this action was timely filed within sixty days of this date of actual receipt (accounting for weekends and holidays).[21]

The Commissioner did not file a reply or object to the court's consideration of the materials Mr. O. submitted. In the absence of any such objection, these materials are sufficient to support a "reasonable showing" that Mr. O. did not receive actual notice of the Appeals Council's decision until October 25, 2022.[22] Sixty calendar days after October 25, 2022 was December 24, 2022, a Saturday. Because December 25, 2022 fell on a Sunday, the Christmas holiday was observed on Monday, December 26, 2022. Therefore, the filing deadline was the

---

[17] (Obj. to Def.'s Mot. to Dismiss ("Opp'n") 1, Doc. No. 12.)

[18] (*Id.* at 1–2.)

[19] (*See* Ex. to Opp'n, Doc. No. 12-1 at 2–9.)

[20] (*See id.* at 1.)

[21] (*See* Opp'n 2, Doc. No. 12.)

[22] *See* 20 C.F.R. § 422.210(c); *see also* 20 C.F.R. § 404.901.

4

following day: December 27, 2022.[23]  Mr. O. filed this action on that deadline.[24]  Accordingly, Mr. O. has made a sufficient showing that this action was timely filed to preclude summary judgment on this ground.

## RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS the district judge deny the Commissioner's motion for summary judgment.[25]  The court will send copies of this Report and Recommendation to all parties, who are notified of their right to object to it.[26]  Any objection must be filed within fourteen days of service.  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 14th day of November, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[23] *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[24] (*See* Compl., Doc. No. 2.)

[25] (Doc. No. 11.)

[26] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).